UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ROBERTO GOMEZ,
LUIS MALDONADO,
MIRIEL RODRIGUEZ, and
ORLANDO RODRIGUEZ,

on behalf of themselves and
all others similarly situated,

       Plaintiffs,

  vs.

BELFOR USA GROUP, INC.
d/b/a BELFOR SOUTH FLORIDA,
STATEWIDE SAI, INC.,
d/b/a STATEWIDE ASSOCIATES, INC.

       Defendants.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ROBERTO GOMEZ, LUIS MALDONADO, MIRIEL RODRIGUEZ, and ORLANDO RODRIGUEZ ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through undersigned counsel, file this Complaint against Defendants, BELFOR USA GROUP, INC., d/b/a BELFOR SOUTH FLORIDA, STATEWIDE SAI, INC., d/b/a STATEWIDE ASSOCIATES, INC. (collectively "Defendants"), and allege to the best of their knowledge, information and belief, formed after an inquiry reasonable under the circumstances, as follows:

### INTRODUCTION

1. This is a collective action brought by Plaintiffs on behalf of themselves and others similarly situated and against Defendants for unpaid overtime, minimum and regular wages

pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq., as well as pursuant to Chapter 448, Florida Statutes.  Plaintiff seeks damages and reasonable attorney's fees, together with other relief.

2. Plaintiffs bring this action against Defendants, as joint employers, and on behalf of themselves and a class of workers who performed manual labor and restoration work in or around the Florida Keys in the aftermath of Hurricane Irma.  For several weeks, Plaintiffs and other class members worked seven days a week, a minimum of twelve hours a day restoring property and buildings damaged by the hurricane.  Aside from minor, isolated cash payments, Plaintiffs and other class members were not paid for their labor and services.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 1337 because this case arises under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 ("FLSA"), as well as a Florida state law cause of action that arises out of the same operative facts as Plaintiffs' claims under the FLSA.

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because Plaintiffs were employed by Defendants in a location within this district and a substantial amount of the actions at issue occurred in this district.

## THE PARTIES

5. Plaintiffs and the other class members are workers who are Florida residents and worked in or around the Florida Keys during the time relevant to this action. Each of the named Plaintiffs have attached opt-in forms to this Complaint.

6. Defendant, BELFOR USA GROUP, INC., d/b/a BELFOR SOUTH FLORIDA ("BELFOR"), is a multi-national disaster recovery and restoration company with offices

throughout the U.S., including the state of Florida and within this District. In this Complaint, "BELFOR" refers to this named defendant and all predecessor, successor, subsidiary, parent and related entities to which these allegations pertain.

7. Defendant, STATEWIDE SAI, INC., d/b/a STATEWIDE ASSOCIATES, INC. ("SAI"), is a Florida corporation existing under the laws of the State of Florida. In this Complaint, "SAI" refers to this named defendant and all predecessor, successor, subsidiary, parent and related entities to which these allegations pertain.

8. At all times during the employment of Plaintiffs and the other class members, Defendants were employers as defined by 29 U.S.C. §203.

9. At all material times relevant to this action, Defendants were an enterprise engaged in commerce covered by the FLSA, and as defined by 29 U.S.C. §203(r) and §203(s).

10. At all material times relevant to this action, Defendants made gross earnings of at least $500,000.00 annually.

11. At all material times relevant to this action, Defendants had two or more employees engaged in commerce, producing goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

12. Plaintiffs and other class members were employees of Defendants and were individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

13. At all times relevant to this action Defendants engaged in hurricane mitigation and reconstruction work in and around the Florida Keys and had significant contacts with the state of Florida and this District such that jurisdiction and venue are proper in this Court.

## GENERAL FACTUAL ALLEGATIONS

14. Immediately following Hurricane Irma, Defendant BELFOR was contracted to

provide mitigation and restoration services in or around the Florida Keys, including the Florida Keys Community College campus.

15. Upon information and belief, Defendant BELFOR continues to perform mitigation and restoration services in or around the Florida Keys, including the Florida Keys Community College campus.

16. As part of its business practices, Defendant BELFOR set up a subcontractor system for the hiring of manual, unskilled laborers to perform some of the subject mitigation and restoration services.

17. Defendant SAI was one of the subcontractors utilized by Defendant BELFOR to locate and secure manual, unskilled laborers.

18. To entice their participation, Defendants promised Plaintiffs and other class members a minimum regular rate of pay of $15.00 per hour, and that the work would last anywhere from at least 6 up to 12 months.

19. Plaintiffs and other class members worked as unskilled manual laborers in and around the Florida Keys as part of the Hurricane Irma mitigation and restoration project.

20. Plaintiffs and other class members performed substantially similar unskilled manual labor work in public and private buildings including but not limited to the Florida Keys Community College campus.

21. Plaintiffs and other class members routinely worked in excess of forty (40) hours per work week.

22. Other than a few isolated cash payments, Defendants did not pay Plaintiffs and other class members any wages, including minimum and overtime wages.

23. Documentation evidencing the number of hours worked by Plaintiffs and other

class members and the compensation actually paid to Plaintiffs and other class members is in the possession, custody, and control of Defendants.

24. The named Plaintiffs have retained the undersigned law firms to represent them in this matter and have agreed to pay the law firm a reasonable fee for its services.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

### A. FLSA Collective Action

25. Plaintiffs bring Count I, the FLSA Collective Action pursuant to 29 U.S.C. § 216(b) of the FLSA, on behalf of themselves and on behalf of the following Class of persons:

> All individuals who performed unskilled manual labor for subcontractors of Defendant BELFOR, including but not limited to Defendant SAI, in the post Hurricane Irma reconstruction and restoration in the Florida Keys beginning September 11, 2017 until the date of filing of the present action who were eligible for overtime pursuant to 29 U.S.C. § 207 and who did not receive overtime pay.

26. The FLSA claim will be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

27. The named Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis for Defendants' failure to pay overtime wages as required by the FLSA.

28. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential class members may easily and quickly be notified of the pendency of this action.

### B. Florida Class Action

29. Plaintiffs bring Count II, the Florida Class Action pursuant to Federal Rule of Civil Procedure 23(a)(1)-(4) and (b)(3), on behalf of themselves and on behalf of the following Class of persons:

> All individuals who performed unskilled manual labor for subcontractors of Defendant BELFOR, including but not limited to Defendant SAI, in the post Hurricane Irma reconstruction and restoration in the Florida Keys from September 11, 2017 until the date of filing of the present action, who were eligible for minimum wage pursuant to Article X, Section 24 of the Florida Constitution and Section 448.110 Florida Statutes and who were not paid a minimum or regular wage.

30. Plaintiffs and other class members were hired by subcontractors, including but not limited to Defendant SAI, utilized by Defendant BELFOR to fulfil Defendant BELFOR's needs for manual labor in conducting cleanup and reconstruction work in the Florida Keys. Accordingly, at all times relevant to this action, Defendant BELFOR acted as a joint employer of Plaintiffs and other class members with those subcontractors, including but not limited to Defendant SAI.

**C. Allegations Common to All Claims**

31. The members of both the FLSA Collective Action and Florida Class Action are so numerous that joinder of all members would be impracticable, if not impossible. Plaintiffs are informed and believe there are over one hundred members who could be part of both the FLSA Collective Action and Florida Class Action.

32. The questions of fact are common to both the FLSA Collective Action and Florida Class Action, including whether Defendants failed to pay named Plaintiffs and other class members overtime, minimum and/or regular wages as required by federal and state law.

33. The claims of the named Plaintiffs are typical of both the FLSA Collective Action and Florida Class Action, and these typical, common claims predominate over any questions affecting only individual class members.

34. The named Plaintiffs have the same interests as do the other members of the class and will vigorously prosecute these interests on behalf of the class. The named Plaintiffs have retained competent and capable attorneys who are experienced trial lawyers with significant

experience in complex and class action litigation, including employment litigation. Neither the named Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed class members.

35. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions or law and fact common to class members predominate over any questions affecting only individual members. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy, and no unusual difficulties are likely to be encountered in the management of this action as a class action. The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of these claims.

### COUNT I – FLSA COLLECTIVE ACTION
**(Failure to Pay Federal Overtime Wages)**

36. Plaintiffs re-allege and incorporate paragraphs 1 through 36, as if fully set forth herein.

37. Plaintiffs, Roberto Gomez, Luis Maldonado, Miriel Rodriguez, and Orlando Rodriguez, have consented in writing to be party plaintiffs in this FLSA action.

38. Defendants violated 29 U.S.C. § 207(a) by failing to pay Plaintiffs and others similarly situated at an hourly rate equal to one and a half times the regular hourly rate at which they were employed for all compensable time they were employed in excess of forty hours in each workweek.

39. Defendants' failure to pay Plaintiffs and others similarly situated the federally mandated overtime wage rate for all time they were employed in excess of forty (40) hours in each workweek was a willful violation of the FLSA.

40. As a consequence of the Defendants' violation of the FLSA, Plaintiffs and others similarly situated are entitled to recover their unpaid overtime, plus an additional amount equal in

liquidated damages, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs pray for this Court to award the following:

(a) With respect to the claims set forth in Count I, permitting this case to proceed as a collective action, ordering the Defendants to disclose the names and addresses of all those individuals who are similarly situated, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals;

(b) Designation of the named Plaintiffs, Roberto Gomez, Luis Maldonado, Miriel Rodriguez, and Orlando Rodriguez, as representatives of the FLSA collective action;

(c) Declaring that Defendants willfully violated the overtime provisions of the FLSA, as set forth in Count I;

(d) Granting judgment in favor of Plaintiffs and all others similarly situated and against the Defendant on their claims under the FLSA as set forth in Count I and awarding each of these Plaintiffs and all other similarly situated individuals who opt-in to this action their unpaid overtime wages and an equal amount in liquidated damages;

(e) Awarding Plaintiffs reasonable attorneys' fees;

(f) Awarding Plaintiffs the costs of this action; and

(g) Granting such other relief as the Court deems just and equitable.

## COUNT II – FLORIDA CLASS ACTION
**(Failure to Pay Florida Minimum & Regular Wages)**

41. Plaintiffs re-allege and incorporate paragraphs 1 through 36, as if fully set forth herein.

42. Pursuant to Article X, Section 24 of the Florida Constitution and Section 448.110 Florida Statutes, Defendants were required to pay Plaintiffs and others similarly situated at least the applicable Florida minimum wage.

43. Defendants violated Article X, Section 24 of the Florida Constitution and Section 448.110 Florida Statutes by failing to pay Plaintiffs and others similarly situated the applicable

Florida minimum wage throughout their employment with Defendants.

44. Defendants' failure to pay Plaintiffs and all others similarly situated the required Florida minimum wage was not in good faith and Defendants did not have reasonable grounds for believing their failure to pay minimum wages was not a violation of Article X, Section 24 of the Florida Constitution and Section 448.110 Florida Statutes.

45. In accordance with Section 448.110(6)(a), Defendants received written notices of Plaintiffs' intent to initiate the present action for unpaid Florida minimum wages. No agreement was reached between the parties pursuant to Plaintiffs' statutory notice.

46. Additionally, by failing to pay Plaintiffs and all others similarly situated the agreed upon regular wages, Defendants violated Chapter 448, Florida Statutes.

47. Pursuant to Section 448.08, Florida Statutes, Plaintiffs are entitled to costs of the action and reasonable attorneys' fees for both Defendants' failure to pay the required Florida minimum wage and also the agreed upon regular wages.

**WHEREFORE**, Plaintiffs pray for this Court to award the following:

(a) With respect to the claims set forth in Count II, permitting this case to proceed as a class action, ordering the Defendants to disclose the names and addresses of all those individuals who are similarly situated, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals;

(b) Designation of the named Plaintiffs, Roberto Gomez, Luis Maldonado, Miriel Rodriguez, and Orlando Rodriguez, as representatives of the Florida class action;

(c) Declaring that Defendants willfully violated the minimum wage provisions of the Florida law, as set forth in Count II;

(d) Granting judgment in favor of Plaintiffs and all others similarly situated and against the Defendant on their claims under Florida law as set forth in Count II and awarding each of these Plaintiffs and all other similarly situated individuals who do not opt-out to this action their unpaid minimum wages and an equal amount in liquidated damages;

(e) Granting judgment in favor of Plaintiffs and all others similarly situated and against the Defendant on their claims under Florida law as set forth in Count II and awarding each of these Plaintiffs and all other similarly situated individuals who do not opt-out to this action their unpaid regular wages;

(f) Awarding Plaintiffs reasonable attorneys' fees;

(g) Awarding Plaintiffs the costs of this action; and

(h) Granting such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable in this matter.

Dated:  October 29, 2018                    Respectfully Submitted,

By: */s/ Gustavo A. Bravo*
Gustavo A. Bravo
Florida Bar No.:  551287
Neil D. Kodsi (of counsel)
Florida Bar No.:  011255

**BRAVO LAW**
1555 Bonaventure Blvd., Suite 2007
Weston, FL 33326
Telephone: (954) 790-6711
Facsimile:  (954) 790-6722
efile@lawbravo.com
gbravo@lawbravo.com

*AND AS CO-COUNSEL*

Jordan M. Lewis, Esq.
**JORDAN LEWIS, P.A**.
4473 NE 11th Ave.
Oakland Park, FL 33334
Telephone: (954) 616-8995
Facsimile:  (954) 206-0374
jordan@jml-lawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ROBERTO GOMEZ,
LUIS MALDONADO,
MIRIEL RODRIGUEZ, and
ORLANDO RODRIGUEZ,

on behalf of themselves and
all others similarly situated,

       Plaintiffs,

  vs.

BELFOR USA GROUP, INC.
d/b/a BELFOR SOUTH FLORIDA,
STATEWIDE SAI, INC.,
d/b/a STATEWIDE ASSOCIATES, INC.

       Defendants.
_____/

**Consent To Join Collective Action And Be Represented
By Bravo Law and Jordan Lewis PA**

    1.    I, ROBERTO GOMEZ, consent to join the above-captioned lawsuit seeking damages for unpaid overtime wages brought under the Fair Labor Standards Act.

    2.    I am similarly situated to the named plaintiffs because, within the last two years:

- I have regularly worked over 40 hours per week as an unskilled manual laborer in the post Hurricane Irma reconstruction and restoration project in the Florida Keys beginning September 11, 2017 through the date of filing the instant action while employed for subcontractors of Defendant BELFOR, including but not limited to Defendant SAI, and have not been paid overtime compensation.

    3.    I authorize a steering committee composed of Roberto Gomez, Luis Maldonado, Miriel Rodriguez, and Orlando Rodriguez to file and prosecute the above-captioned matter in my name, and I designate the steering committee to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims. While the steering committee is expected to attempt to reach consensus on issues, a simple majority vote will control.

4.  I agree to be represented by the law firms of Bravo Law and Jordan Lewis, P.A., counsel for the named plaintiffs Roberto Gomez, Luis Maldonado, Miriel Rodriguez, and Orlando Rodriguez.

5.  If this case is conditionally certified and later decertified, I authorize the steering committee's counsel to reuse this consent form to re-file my claims in a separate or related action against Defendants.

Signature: _____
Name: Roberto Gomez
Date: 10/01/2018

Address: c/o my counsel

Gustavo A. Bravo
Florida Bar No.: 551287
Neil D. Kodsi (of counsel)
Florida Bar No.: 011255
BRAVO LAW
1555 Bonaventure Blvd., Suite 2007
Weston, FL 33326
Telephone: (954) 790-6711
Facsimile: (954) 790-6722
gbravo@lawbravo.com
nkodsi@lawbravo.com

Jordan M. Lewis, Esq.
Florida Bar No.: 97997
JORDAN LEWIS, P.A.
4473 NE 11th Ave.
Oakland Park, FL 33334
Telephone: (954) 616-8995
Facsimile: (954) 206-0374
jordan@jml-lawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ROBERTO GOMEZ,
LUIS MALDONADO,
MIRIEL RODRIGUEZ, and
ORLANDO RODRIGUEZ,

on behalf of themselves and
all others similarly situated,

       Plaintiffs,

  vs.

BELFOR USA GROUP, INC.
d/b/a BELFOR SOUTH FLORIDA,
STATEWIDE SAI, INC.,
d/b/a STATEWIDE ASSOCIATES, INC.

       Defendants.
_____/

## Consent To Join Collective Action And Be Represented By Bravo Law and Jordan Lewis PA

1.     I, LUIS MALDONADO, consent to join the above-captioned lawsuit seeking damages for unpaid overtime wages brought under the Fair Labor Standards Act.

2.     I am similarly situated to the named plaintiffs because, within the last two years:

   - I have regularly worked over 40 hours per week as an unskilled manual laborer in the post Hurricane Irma reconstruction and restoration project in the Florida Keys beginning September 11, 2017 through the date of filing the instant action while employed for subcontractors of Defendant BELFOR, including but not limited to Defendant SAI, and have not been paid overtime compensation.

3.     I authorize a steering committee composed of Roberto Gomez, Luis Maldonado, Miriel Rodriguez, and Orlando Rodriguez to file and prosecute the above-captioned matter in my name, and I designate the steering committee to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims. While the steering committee is expected to attempt to reach consensus on issues, a simple majority vote will control.

4.   I agree to be represented by the law firms of Bravo Law and Jordan Lewis, P.A., counsel for the named plaintiffs Roberto Gomez, Luis Maldonado, Miriel Rodriguez and Orlando Rodriguez.

5.   If this case is conditionally certified and later decertified, I authorize the steering committee's counsel to reuse this consent form to re-file my claims in a separate or related action against Defendants.

Signature: _____
Name: Luis Maldonado
Date: 10/03/2018

Address: c/o my counsel

Gustavo A. Bravo
Florida Bar No.: 551287
Neil D. Kodsi (of counsel)
Florida Bar No.: 011255
BRAVO LAW
1555 Bonaventure Blvd., Suite 2007
Weston, FL 33326
Telephone: (954) 790-6711
Facsimile: (954) 790-6722
gbravo@lawbravo.com
nkodsi@lawbravo.com

Jordan M. Lewis, Esq.
Florida Bar No.: 97997
JORDAN LEWIS, P.A.
4473 NE 11th Ave.
Oakland Park, FL 33334
Telephone: (954) 616-8995
Facsimile: (954) 206-0374
jordan@jml-lawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ROBERTO GOMEZ,
LUIS MALDONADO,
MIRIEL RODRIGUEZ, and
ORLANDO RODRIGUEZ,

on behalf of themselves and
all others similarly situated,

       Plaintiffs,

  vs.

BELFOR USA GROUP, INC.
d/b/a BELFOR SOUTH FLORIDA,
STATEWIDE SAI, INC.,
d/b/a STATEWIDE ASSOCIATES, INC.

       Defendants.
_____/

**Consent To Join Collective Action And Be Represented
By Bravo Law and Jordan Lewis PA**

    1.    I, MIRIEL RODRIGUEZ, consent to join the above-captioned lawsuit seeking damages for unpaid overtime wages brought under the Fair Labor Standards Act.

    2.    I am similarly situated to the named plaintiffs because, within the last two years:

- I have regularly worked over 40 hours per week as an unskilled manual laborer in the post Hurricane Irma reconstruction and restoration project in the Florida Keys beginning September 11, 2017 through the date of filing the instant action while employed for subcontractors of Defendant BELFOR, including but not limited to Defendant SAI, and have not been paid overtime compensation.

    3.    I authorize a steering committee composed of Roberto Gomez, Luis Maldonado, Miriel Rodriguez, and Orlando Rodriguez to file and prosecute the above-captioned matter in my name, and I designate the steering committee to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims. While the steering committee is expected to attempt to reach consensus on issues, a simple majority vote will control.

4.  I agree to be represented by the law firms of Bravo Law and Jordan Lewis, P.A., counsel for the named plaintiffs Roberto Gomez, Luis Maldonado, Miriel Rodriguez, and Orlando Rodriguez.

5.  If this case is conditionally certified and later decertified, I authorize the steering committee's counsel to reuse this consent form to re-file my claims in a separate or related action against Defendants.

Signature: _____
Name: Miriel Rodriguez
Date: 10/10/2018

Address: c/o my counsel

Gustavo A. Bravo
Florida Bar No.: 551287
Neil D. Kodsi (of counsel)
Florida Bar No.: 011255
BRAVO LAW
1555 Bonaventure Blvd., Suite 2007
Weston, FL 33326
Telephone: (954) 790-6711
Facsimile: (954) 790-6722
gbravo@lawbravo.com
nkodsi@lawbravo.com

Jordan M. Lewis, Esq.
Florida Bar No.: 97997
JORDAN LEWIS, P.A.
4473 NE 11th Ave.
Oakland Park, FL 33334
Telephone: (954) 616-8995
Facsimile: (954) 206-0374
jordan@jml-lawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ROBERTO GOMEZ,
LUIS MALDONADO,
MIRIEL RODRIGUEZ, and
ORLANDO RODRIGUEZ,

on behalf of themselves and
all others similarly situated,

        Plaintiffs,

  vs.

BELFOR USA GROUP, INC.
d/b/a BELFOR SOUTH FLORIDA,
STATEWIDE SAI, INC.,
d/b/a STATEWIDE ASSOCIATES, INC.

        Defendants.
_____/

**Consent To Join Collective Action And Be Represented
By Bravo Law and Jordan Lewis PA**

    1.    I, ORLANDO RODRIGUEZ, consent to join the above-captioned lawsuit seeking damages for unpaid overtime wages brought under the Fair Labor Standards Act.

    2.    I am similarly situated to the named plaintiffs because, within the last two years:

- I have regularly worked over 40 hours per week as an unskilled manual laborer in the post Hurricane Irma reconstruction and restoration project in the Florida Keys beginning September 11, 2017 through the date of filing the instant action while employed for subcontractors of Defendant BELFOR, including but not limited to Defendant SAI, and have not been paid overtime compensation.

    3.    I authorize a steering committee composed of Roberto Gomez, Luis Maldonado, Miriel Rodriguez, and Orlando Rodriguez to file and prosecute the above-captioned matter in my name, and I designate the steering committee to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims. While the steering committee is expected to attempt to reach consensus on issues, a simple majority vote will control.

4.      I agree to be represented by the law firms of Bravo Law and Jordan Lewis, P.A., counsel for the named plaintiffs Roberto Gomez, Luis Maldonado, Miriel Rodriguez, and Orlando Rodriguez.

5.      If this case is conditionally certified and later decertified, I authorize the steering committee's counsel to reuse this consent form to re-file my claims in a separate or related action against Defendants.

Signature: _____
Name: Orlando Rodriguez
Date: 09/28/2018

Address: c/o my counsel

| | |
|---|---|
| Gustavo A. Bravo | Jordan M. Lewis, Esq. |
| Florida Bar No.: 551287 | Florida Bar No.: 97997 |
| Neil D. Kodsi (of counsel) | JORDAN LEWIS, P.A. |
| Florida Bar No.: 011255 | 4473 NE 11th Ave. |
| BRAVO LAW | Oakland Park, FL 33334 |
| 1555 Bonaventure Blvd., Suite 2007 | Telephone: (954) 616-8995 |
| Weston, FL 33326 | Facsimile: (954) 206-0374 |
| Telephone: (954) 790-6711 | jordan@jml-lawfirm.com |
| Facsimile: (954) 790-6722 | |
| gbravo@lawbravo.com | |
| nkodsi@lawbravo.com | |