UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18-cv-62594-Brannon

ROBERTO GOMEZ,
LUIS MALDONADO,
MIRIEL RODRIGUEZ,
ORLANDO RODRIGUEZ, and
LARRY BUTLER

on behalf of themselves and
all others similarly situated,

       Plaintiffs,

  vs.

BELFOR USA GROUP, INC.
d/b/a BELFOR SOUTH FLORIDA,
STATEWIDE SAI, INC.,
d/b/a STATEWIDE ASSOCIATES, INC.

       Defendants.
_____/

**<u>PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR ENTRY OF PARTIAL FINAL JUDGMENT AGAINST DEEENDANT STATEWIDE SAI, INC. AS TO BREACH OF SETTLEMENT CONTRACT COUNT</u>**

Plaintiffs, ROBERTO GOMEZ, LUIS MALDONADO, MIRIEL RODRIGUEZ, ORLANDO RODRIGUEZ and LARRY BUTLER, by and through their undersigned counsel, hereby move this Court to enforce the settlement agreement reached between Plaintiffs and Defendant, STATEWIDE SAI, INC., d/b/a STATEWIDE ASSOCIATES, INC. ("SAI"), and approved by the Court, and for entry of a partial judgment as to the breach of contract count.

## BACKGROUND

Plaintiffs brought this collective action on behalf of themselves and others similarly situated and against Defendants, Belfor USA Group, Inc., d/b/a Belfor South Florida ("Belfor"), and SAI, for unpaid overtime, minimum and regular wages pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq., as well as pursuant to Chapter 448, Florida Statutes. Plaintiffs sought damages and reasonable attorney's fees and costs.

Plaintiffs and Defendant SAI then entered into a settlement agreement that sets forth the terms of the parties' agreement to resolve the claims.[1] On January 28, 2019, Plaintiffs and Defendant SAI filed a joint motion to approve the settlement agreement. *See* [DE 8]. On January 29, 2019, the Court granted the joint motion and approved the settlement agreement. *See* [DE 9].

Under the terms of the settlement agreement, Defendant SAI agreed to pay the total sum of $67,000.00, spread over five (5) separate payments. [DE 8-1]. The first payment was due February 6, 2019. *See id*.

After Defendant SAI failed to make any of the settlement payments, Plaintiffs filed a Motion to Vacate Order of Dismissal [DE 10] on February 28, 2019, seeking to, *inter alia*, vacate the previously entered dismissal and reopen the case. In this Motion, Plaintiffs alleged that despite repeated representations to the contrary, Defendant SAI had failed to make ANY settlement payments and was therefore in breach of the settlement agreement. *See* [DE 10] at pp. 2-3.

In response to Plaintiff's Motion to Vacate, Defendant SAI filed a motion for extension and represented the following:

> ***All of the statements made in the Plaintiffs' Motion are valid and accurate***, however recent conversations with the representative of SAI, INC., d/b/a STATEWIDE ASSOCIATES, INC.'s, indicate that, even after long delays in payment for current construction work which was the

---

[1] Defendant Belfor was not a party to this original settlement agreement.

> anticipated source of the financial wherewithal to **pay the agreed upon settlement amount**, sufficient funds should be available for full satisfaction of ALL settlement payments by Tuesday, March 19, 2019.

SAI's Motion for Extension, [DE] 12 at ¶2 (emphasis supplied).

The March 19, 2019 date passed without any payment from Defendant SAI.

Thereafter, on March 29, 2019, Judge Dimitrouleas granted Plaintiff's Motion to Vacate, specifically vacating the dismissal order and re-opening this case. *See* Order Vacating Dismissal With Prejudice; Reopening Case, [DE 18]. As to Defendant SAI, Judge Dimitrouleas noted that "the Court grants the Motion to Vacate, both by default for SAI's failure to respond to the Motion, as well as on the merits as the Plaintiffs are permitted to pursue their claims under the circumstances of a default pursuant to terms of the Settlement Agreement that was adopted and approved by the Court." *Id*. at pp. 2-3.

Eventually, on July 17, 2019 this Court approved Plaintiffs' settlement with Defendant Belfor, but expressly noted the "[c]ase to continue against Defendant Statewide SAI, Inc." albeit with a temporary stay of the proceedings until August 7, 2019. *See* [DE 64] Paperless Minute Entry. Then, on August 7, 2019, the Court conducted another status conference and issued an additional stay order, but noted the following in the process:

> **Given defense counsel's recent representations that Defendant [SAI] is actively working on securing the funds to honor the parties' prior settlement agreement**, the current stay in this case is extended only through 12:00 Noon EST on 8/16/19. If the case is not fully resolved by that time, the stay will automatically be lifted and the Court will either set a briefing schedule to **address Plaintiffs' motion to enforce the parties' prior settlement agreement** or set this matter for trial.

DE [68] Paperless Order Extending Stay for a Limited Time (emphasis supplied).

The August 16, 2019 date too passed without any payment from Defendant SAI.

Accordingly, through this Motion, Plaintiffs seek enforcement of their settlement agreement with Defendant SAI, including entry of a judgment against Defendant SAI as to Count III (Breach of Contract) of the Amended Complaint [DE 35] for the full settlement amount of $67,000.00, as well as Plaintiffs' reasonable attorneys' fees incurred in securing this relief.

## ARGUMENT

District courts "have the inherent authority to enforce settlement agreements in actions pending before them." *South Beach Suncare, Inc. v. Sea & Ski Corp.,* No. 98-1114-CIV, 1999 U.S. Dist. LEXIS 7902, at *18 (S.D. Fla. May 17, 1999). "The motion to enforce the settlement agreement essentially is an action to specifically enforce a contract." *Ford v. Citizens & S. Nat'l Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991).

The appropriate remedy for breach of an FLSA settlement agreement is to "enforce the agreement through a final judgment in Plaintiff's favor for the monies due and owing that have not been paid to date." *Garcia v. Rambo Sec. Patrol, Inc.*, No. 08-22303-Civ, 2010 WL 750296, at *3 (S.D. Fla. Mar. 3, 2010). "The entry of a money judgment is the appropriate manner, absent a specific remedy agreed upon by the parties, to enforce a settlement agreement requiring the payment of money. The power of a trial court to enter such a judgment has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." *Id*. (citing *Mass. Cas. Ins. Co. v. Forman*, 469 F.2d 259, 261 (5th Cir. 1972)). "Such a judgment is in the nature of a judgment by consent, authorized under the trial court's 'inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case.'" *Id*.

Where, as here, a settlement agreement provides for recovery of attorneys' fees, recovery of such fees is also warranted. *See DiFrancesco v. Home Furniture Liquidators, Inc.*, No. 06-

21709-CIV, 2008 WL 54401, at *5 (S.D. Fla. Jan. 6, 2009) (concluding that "reasonable attorney's fees for collecting a final judgment are available under the FLSA").

In the instant case, the parties' settlement agreement required Defendant SAI to pay Plaintiffs the total sum of $67,000.00. [DE 8-1] at ¶4. Defendant SAI agreed it would issue five (5) separate payments, with the first payment due within eight (8) days of this Court's approval of the settlement. *See id.* In the event of a default, the settlement agreement provides that "Plaintiffs shall be entitled to the entry of judgment against [Defendant] SAI with the full amount of damages". *See id.* at ¶6. Lastly, the settlement agreement provides for recovery of reasonable attorneys' fees in the event of a breach. *See id.* at ¶14.

It is uncontroverted that Defendant SAI failed to make any payment required under the settlement agreement. Further, there is similarly no dispute that this FLSA settlement was not only approved by the Court but the agreement also expressly provides for "entry of judgment against [Defendant] SAI" in the event of a breach. Settlement Agreement at ¶6. Accordingly, Plaintiffs are entitled to entry of judgment against Defendant SAI as to Count III (Breach of Contract).

## CONCLUSION

In short, Plaintiffs respectfully requests that this Court enter an Order which grants judgment in their favor and against Defendant SAI as to Count III (Breach of Contract) of the Amended Complaint [DE 35], awarding Plaintiffs the full settlement amount of $67,000.00, plus interests as well as Plaintiffs' reasonable attorneys' fees incurred in connection therein.

## GOOD FAITH CONFERENCE PER LOCAL RULE 7.1(a)(3)

The undersigned counsel has, through numerous email and telephone discussions, conferred with counsel for Defendant SAI in a good faith effort to resolve the issues raised in the motion, but has been unable to resolve them.

Dated:  September 12, 2019

Counsel for Plaintiffs

By: */s/ Gustavo A. Bravo*
    Gustavo A. Bravo
    Florida Bar No.:  551287
  **BRAVO LAW**
   1555 Bonaventure Blvd., Suite 2007
   Weston, FL 33326
   Telephone: (954) 790-6711
   Facsimile:  (954) 790-6722
   efile@lawbravo.com
   gbravo@lawbravo.com

*AND AS CO-COUNSEL*

   Jordan M. Lewis, Esq.
  **JORDAN LEWIS, P.A**.
   4473 NE 11th Ave.
   Oakland Park, FL 33334
   Telephone: (954) 616-8995
   Facsimile:  (954) 206-0374
   jordan@jml-lawfirm.com